UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 23-MJ-8-UNA |
| VERSUS | Charging District Case No. 1:23-mj-50(DJS) |
| RODELL PATTERSON | |

**WRITTEN REASONS FOR ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION FOR DETENTION HEARING[1]**

Under the Bail Reform Act, the Court may only enter an order of detention following a hearing. The Government's right to a detention hearing exists only in certain specifically enumerated circumstances, including when (1) the case involves a crime of violence, (2) the case involves an offense punishable by life imprisonment or death, (3) the crime charged is a drug related offense with a maximum term of imprisonment of ten years or more, (4) the defendant is charged with a felony after having been convicted of two or more prior qualifying offenses, (5) the crime charged is a felony, not otherwise a crime of violence, that involves a minor victim, possession or use of a firearm, destructive device or other dangerous weapon, or a failure to register under section 2250 of title 18; (6) the case involves serious risk of flight, or (6) the case involves a serious risk of obstruction or attempted obstruction of justice or intimidation of a prospective witness or juror.[2]

Here, the government moved for a detention hearing on two grounds: 1) a serious risk that Defendant Rodell Patterson ("Patterson") will flee under 18 U.S.C. § 3142(f)(2)(A); and 2) because the charged offense is a felony that involves the possession or use of a firearm.[3] Patterson

---

[1] These reasons were delivered orally to the parties at the February 3, 2023 hearing in this matter.
[2] 18 U.S.C. § 3142(f).
[3] R. Doc. 2.

argues that the government has not provided sufficient evidence that one of the specifically enumerated factors exists to hold a detention hearing.[4] While Patterson is correct that the government must establish that a defendant presents a "serious," as opposed to an "ordinary," flight risk to obtain a detention hearing under section (f)(2)(A), the Bail Reform Act does not establish the level of evidence required to meet this showing. It is not necessary to resolve this issue, however, as the charged offense in this case involves the possession or use of a firearm under section (f)(1)(E).

Patterson is charged by Criminal Complaint with transfer, sale, or transportation of firearms to a resident of another state, in violation of 18 U.S.C. § 922(a)(5). With limited exceptions not applicable here, under the statute it is unlawful "for any person (other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector) to transfer, sell, trade, give, transport, or deliver any firearm to any person (other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector) who the transferor knows or has reasonable cause to believe does not reside in (or if the person is a corporation or other business entity, does not maintain a place of business in) the State in which the transferor resides …."

Patterson argues that, because possession or use is not an element of the offense for which he is charged, the government cannot establish the basis for a detention hearing under 18 U.S.C. § 3142(f)(1)(E). While there is scant case law nationally and there does not appear to be any controlling precedent from the United States Fifth Circuit Court of Appeals on the issue of whether a 922(a)(5) offense can form the basis for a detention hearing under section (f)(1)(E), cases to

---

[4] Patterson submitted a brief to the court immediately for the hearing was scheduled to begin at 10:00 a.m. on February 3, 2023. R. Doc. 9. The Court continued in the hearing to 2:00 p.m. to review the argument and to give the government an opportunity to respond. R. Doc. 8. The government did not provide a written brief but did present argument at the hearing.

consider similar issues suggest that there is sufficient information in this case to conduct the detention hearing.[5]

In *United States v. Chokr*,[6] the court considered whether a detention hearing was permissible under section (f)(1)(E) on a charge under 18 U.S.C. § 922(a)(6) and noted that the issue appeared to be one of first impression in the Sixth Circuit, and that only one other federal circuit court (the Second Circuit) had even "remotely addressed the issue."[7] Relying on the Second Circuit decision in *United States v. Watkins* that the phrase "that involves" in § 3142(f)(1)(E) warrants a "conduct specific inquiry in which the judicial officer may look beyond the elements of the charged offense to consider the actual conduct underlying the arrestee's charged offense,"[8] the *Chokr* court considered not just the elements of the charged offense,[9] but whether the defendant's actual conduct established the basis to conclude that he possessed or used the firearm at issue.

The allegations of the Criminal Complaint are that Mr. Patterson sold firearms to "Individual-1," who was a "felon residing in Troy, New York."[10] On June 15, 2022, during an unannounced home visit by his probation officer, two firearms were found at Individual-1's home. Individual-1's phone was seized in connection with his arrest. According to the Affidavit supporting the Criminal Complaint in this case, a search of the phone and other records showed

---

[5] Neither party has provided case law to establish the elements of an offense under 18 U.S.C. § 922(a)(5), however, possession or use of the firearm(s) at issue does not appear to be an element of the offense based on the language of the statute.
[6] No. 23-20037, 2023 WL 375336 (E.D. Mich. Jan. 24, 2023).
[7] *Id*., at *3, citing *United States v. Watkins*, 940 F.3d 152 (2nd Cir. 2019). Patterson is charged in the Northern District of New York, which is within the Second Circuit Court of Appeals. At the hearing, the government and the defense agreed that there is no other circuit level opinion on point.
[8] *Watkins*, 940 F.3d at 167.
[9] According the *Chokr* opinion, the elements of a § 922(a)(6) charge are: 1) the defendant knowingly made (2) a false or fictitious oral or written statement that was (3) material to the lawfulness of the sale or disposition of a firearm, and was (4) intended to deceive or likely to deceive a firearms dealer. *Chokr*, 2023 WL 375336, at *2, citing *United States v. Henry*, 653 F.3d 388, 393 (6th Cir. 2011). Possession or use is not an element of an offense under § 922(a)(6).
[10] R. Doc. 1, ¶ 5.

3

that Patterson transported firearms to Individual-1. The Affidavit also contains text messages of photographs allegedly sent by Patterson to Individual-1 of guns, including one photo of an individual holding a Glock with distinctive markings. It is not clear from the Affidavit or the photographs whether Patterson is alleged to be the person holding the Glock in this photograph.

Possession of a firearm may be actual or constructive, and it may be proven by circumstantial evidence.[11] "Constructive possession" may be found if the defendant had either "ownership, dominion or control over [the] illegal item itself," or "dominion or control over the premises in which the item is found."[12]

Here, the allegations are that Patterson sent guns to Individual-1, which is supported by statements that Patterson sent Individual-1 pictures of weapons, including one weapon with distinctive markings that was found in Individual-1's home; another text message, allegedly from Patterson of four guns with a question from Individual-1 "All 4 on Deck?," to which Patterson allegedly replied "On deck right now;" photographs of a mail receipt for a package allegedly sent from Patterson to Troy, NY, the weight of which the affiant says is consistent with four handguns, along with a text message at the same time as the receipt that says "On the way." In order for, Patterson to transfer these weapons in the manner alleged in the Affidavit in support of the Criminal Complaint, he would have had possession, either actual or constructive, over the firearms.

Accordingly, there is sufficient basis for a detention hearing in this matter and the government's oral motion for a detention hearing is **GRANTED**.

Signed in Baton Rouge, Louisiana, on February 6, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] *United States v. Ivory*, 783 Fed.Appx. 325, 327–28 (5th Cir. 2019), citing *United States v. De Leon*, 170 F.3d 494, 496 (5th Cir. 1999).
[12] *See id.* (citation omitted); *see also United States v. Hinojosa*, 349 F.3d 200, 203 (5th Cir. 2003).